## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY J. MARTIN | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | )  **Civil Action No.** |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. | ) |
| | ) |
| and | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### I.   Preliminary Statement

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

### II.   Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4.      Plaintiff, Kimberly J. Martin is an adult individual who resides at 216 Siouan Drive, Lexington, NC, 27295.

5.      Defendant, Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6.      Defendant NCO Financial Systems, Inc. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.          Factual Allegations

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8.      The inaccurate information includes, but is not limited to, a public record bankruptcy, AFNI, Arrow Financial Services, Associated Credit & Collection, CitiFinancial Auto, Collection Company of America, First Premier Bank, Lydia Cladek, Inc., Midland Credit Management, NCO #779211, NCO #59464575, NCO #59475605, NCO #59509852, NCO #375951, NCO #97603287, Portfolio Recovery Associates, Professional Debt, United Compucred, Verizon Wireless, Vystar Credit Union, Right Away Mortgage and personal identifying information.

9.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

10.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

12.     Plaintiff's credit reports and file have been obtained from Defendant Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

14.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

15.     At all times pertinent hereto, Defendants was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

16.     At all times pertinent hereto, the conduct of the Defendants as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.   CLAIMS

### COUNT ONE - FCRA
**(Plaintiff v. Experian)**

17.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.     At all times pertinent hereto, Defendant Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for engaging in the following conduct:

        (a)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

4

(b)     willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(c)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

22.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. NCO)

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     Defendant NCO is "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26.     The reporting of the inaccurate information to credit reporting agencies by Defendant NCO is a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27.     The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

28.    Defendant NCO violated  the  FDCPA. Defendant NCO's, violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) The false representation of the amount, character or legal status of a debt; and

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

29.    Defendant NCO's, acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

30.    As a result of the above violations of the FDCPA, Defendant NCO is liable to Plaintiff

## VI.    JURY TRIAL DEMAND

31.    Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)　　　Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o and 15 U.S.C. §1692k(a)(3);

(e)　　　An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)　　　An order directing that Defendant Experain send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)　　　Such other and further relief as may be necessary, just and proper.


Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**


BY:　　*/s/ Mark D. Mailman*_____
　　　　MARK D. MAILMAN, ESQUIRE
　　　　JOHN SOUMILAS, ESQUIRE
　　　　GEOFFREY H. BASKERVILLE, ESQUIRE
　　　　Land Title Building, 19th Floor
　　　　100 South Broad Street
　　　　Philadelphia, PA 19110
　　　　(215) 735-8600
　　　　Attorneys for Plaintiff

Dated:　June 2, 2011